J-S06023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BILLY DUNN | : | |
| | : | |
| Appellant | : | No. 903 EDA 2021 |

Appeal from the Order Entered March 30, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006180-2016

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED APRIL 13, 2022**

Billy Dunn appeals from the order denying his Post Conviction Relief Act ("PCRA") petition. *See* 42 Pa.C.S.A. §§ 9541-9546. Dunn maintains that he is entitled to relief due to ineffectiveness of his plea and PCRA counsel. We affirm.

On January 23, 2019, Dunn entered a plea of *nolo contendere* to involuntary deviate sexual intercourse ("IDSI") with a child and corruption of a minor.[1] He was sentenced to three to six years' incarceration followed by eight years of probation. Dunn did not file post-sentence motions or a direct appeal.

On January 21, 2020, Dunn filed a *pro se* PCRA petition. Counsel was appointed, who subsequently filed an amended PCRA petition. The court held

---

[1] 18 Pa.C.S.A. §§ 3123(b) and 6301, respectively.

an evidentiary hearing on March 30, 2021 and dismissed the petition. This appeal followed.[2]

Dunn raises the following questions for our review:

1. Whether the [c]ourt erred by denying relief under the PCRA where the evidence at the evidentiary hearing established that Mr. Dunn was not afforded a sufficient amount of time to understand the nature of the plea offer made or the consequences of entering the plea in question such that he could enter a knowing, intentional and voluntary *nolo contendere* plea?

2. Whether the [c]ourt erred by concluding that Mr. Dunn entered a knowing, intentional and voluntary *nolo contendere* plea to the char[g]e of IDSI of a Child in this matter as the victim's testimony during the preliminary hearing (N.T.[,] June 24, 2016[,] at 19-21) did not establish the requisite element of penetration, however slight[?] *See, e.g., Commonwealth v. Wilson*, 825 A.2d 710, 714 (Pa.Super. 2003) ("[I]n order to sustain a conviction for involuntary deviate sexual intercourse, the Commonwealth must establish the perpetrator engaged in acts of oral or anal intercourse, which involved penetration however slight.").

3. In the alternative, whether PCRA counsel was ineffective for failing to raise the issue of trial counsel's

_____

[2] On April 26, 2021, Dunn filed a *pro se* notice of appeal that purported to appeal from the date of the judgment of sentence entered on January 23, 2019. This Court issued a rule to show cause why the appeal should not be quashed as untimely. Counsel was subsequently appointed and filed a response to the rule to show cause, explaining that Dunn intended to appeal from the denial of his PCRA petition, not from his judgment of sentence. A review of the record confirms counsel's assertion. We have corrected the caption and decline to quash. *See* Pa.R.A.P. 902. ("Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but it is subject to such action as the appellate court deems appropriate[.]").

ineffectiveness *vis a vis* the absence of any evidence of penetration?

Dunn's Br. at 8.

On appeal from the denial or grant of relief under the PCRA, our review is limited to determining "whether the PCRA court's ruling is supported by the record and free of legal error." ***Commonwealth v. Presley***, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

Dunn first contends that plea counsel was ineffective for failing to advise him of the lifetime registration requirements that would be imposed as a result of pleading no contest under the Sex Offender Registration and Notification Act ("SORNA"). Dunn's Br. at 12. Dunn claims that his attorney never advised him that he would be required to register as a sex offender and he only learned of the reporting requirements after the court accepted his plea and imposed his sentence. ***Id.*** at 18. Dunn argues that he was never colloquied on the registration requirements prior to the acceptance of his plea nor was there any testimony by plea counsel at the PCRA hearing that counsel explained the registration consequences of the plea to Dunn. ***Id.*** at 9, 18, 23.

Dunn failed to raise this specific claim in his Pa.R.A.P. 1925(b) statement. Dunn alleges generally that he was not afforded a sufficient amount of time to understand the consequences of entering his plea but makes no mention of his attorney allegedly failing to advise him of the lifetime registration requirements under SORNA. Accordingly, this issue is waived. ***See*** Pa.R.A.P. 1925(b)(4)(vii).

Even if it were not waived, it is without merit. "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa.Super. 2010). To obtain relief based on a claim of ineffectiveness, a petitioner must establish: "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). Prejudice in this context means that "absent counsel's conduct, there is a reasonable probability the outcome of the proceedings would have been different." *Commonwealth v. Velazquez*, 216 A.3d 1146, 1149 (Pa.Super. 2019) (citation omitted). A failure to meet any of these prongs bars a petitioner from obtaining relief. *Commonwealth v. Sneed*, 45 A.3d 1096, 1106 (Pa. 2012).

"[C]laims of counsel's ineffectiveness in connection with a guilty plea will provide a basis for relief only if the ineffectiveness caused an involuntary or unknowing plea." *Commonwealth v. Yager*, 685 A.2d 1000, 1004 (Pa.Super. 1996) (citation omitted). The "voluntariness of [the] plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Commonwealth v. Lynch*, 820 A.2d 728, 733 (Pa.Super. 2003) (quoting *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa.Super. 2002)). "The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty[.]" *Commonwealth v. Diaz*, 913 A.2d 871, 873 (Pa.Super. 2006) (citation omitted). "All that is

required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made." *Yager*, 685 A.2d at 1004 (citation omitted) (alteration in original).

Before accepting a plea, the trial court must conduct an on-the-record inquiry to determine whether the plea is voluntarily and knowingly tendered. *Commonwealth v. Hodges*, 789 A.2d 764, 765 (Pa.Super. 2002) (citing Pa.R.Crim.P. 590(a)). The court must develop a record that affirmatively shows that the defendant understands: (1) the nature of the charges to which the defendant is pleading guilty; (2) the factual basis for the plea; (3) the right to a jury trial; (4) the presumption of innocence; (5) the permissible ranges of potential sentences and fines; and (6) that the court is not bound by the terms of the agreement unless it accepts it. *Commonwealth v. Kelley*, 136 A.3d 1007, 1013 (Pa.Super. 2016).

In deciding whether a guilty plea was knowing, intelligent, and voluntary, a court should consider the totality of the circumstances surrounding the entry of the plea. *Commonwealth v. Allen*, 732 A.2d 582, 588-89 (Pa. 1999). Further, a defendant who elects to plead guilty is required to answer all questions during the plea colloquy truthfully and may not later assert grounds for withdrawing the plea that contradict the defendant's statements during the colloquy. *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa.Super. 2003).

Here, the record reflects that the court conducted an extensive colloquy on the record at Dunn's plea hearing, wherein Dunn acknowledged he did not

have to enter a no contest plea, he had the right to a jury trial, and his decision to plead no contest was not the result of any threats or promises. N.T. Plea Hearing, 1/23/19, at 7-8, 9. The court also explained the nature of the charges to which Dunn was pleading no contest and his range of potential sentence and fines. *Id.* at 6-7. The court repeatedly asked Dunn if he was certain that he understood what it meant to plead no contest to IDSI and corruption of a minor, to which Dunn consistently affirmatively answered. *Id.* at 9-10. Prior to accepting his plea, the court stated to Dunn:

> THE COURT: Your lawyer, Mr. Hannah, has negotiated the following recommended sentence for you, which is three to six years of incarceration. That will be followed by eight years of reporting probation and that is state probation. **You will be supervised by the Sex Offender Unit and you will have to comply with all sex offender conditions**. You will have no contact with the victim in this case and **you will have to comply with all sex offender conditions**.
>
> In exchange for your plea, the District Attorney's Office has agreed to drop the remaining charges against you. Is that your understanding?
>
> [DUNN]: Yes.

*Id.* at 8-9 (emphasis added).

Dunn also signed a Written Nolo Contendere Plea Colloquy and Notice of Registration Requirements acknowledging that he was subject to lifetime registration with the Pennsylvania State Police as a Tier 3 offender "for life." *Id.* at 16, 19-20. Dunn agreed that his attorney had reviewed the written plea agreement with him and had explained to him what his no contest plea meant. *Id.* at 6. He confirmed that it was his signature on the plea agreement and

specifically certified that the sex offender registration requirements "[h]ad been explained to [him] and any questions [he had were] answered by [his] attorney and the [J]udge and [he] fully underst[ood his] registration [obligations]." *Id.* at 6, 20-21. Dunn also indicated that he was satisfied with his attorney's legal representation. *Id.* at 10.

At the PCRA evidentiary hearing, plea counsel testified that he had lengthy discussions with Dunn regarding what a *nolo contendere* plea meant. N.T. PCRA Hearing, 3/20/21, at 50, 56. Counsel stated that he had "more than adequate time" to discuss the plea with Dunn and Dunn was fully aware of the consequences of a *nolo contendere* plea before he agreed to accept the plea. *Id.* at 56-57.

Dunn's contention that his plea was not knowing, voluntary, and intelligent fails. He cannot show prejudice because he signed a written plea colloquy form in which he acknowledged that he would have to register as a sex offender for the rest of his life. *See Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa.Super. 2001) (stating "[a] defendant is bound by the statements he makes during his plea colloquy"). Furthermore, the court credited plea counsel's testimony that before Dunn entered his *nolo* plea, Dunn met with counsel, who explained the implications of the plea, including his potential sentence, and that Dunn had sufficient time to consider his plea. Trial Court Opinion, filed 10/4/21, at 3, 7. We are bound by the court's credibility determinations. *See Williams v. Taylor*, 188 A.3d 447, 450 (Pa.Super. 2018) (stating "the trial judge, as finder of fact, is free to believe

all, part, or none of the evidence, and this Court will not disturb his credibility determinations"). This ineffectiveness claim fails.

Dunn next argues that the court erred in concluding that Dunn's plea was knowing and voluntary because the Commonwealth failed to prove the requisite element of penetration to the charge of IDSI. Dunn's Br. at 24. Dunn contends that the victim's testimony at the preliminary hearing that Dunn "licked her private part" twice could not constitute penetration under the IDSI statute. *Id.* at 25-26. According to Dunn, "[b]ecause the evidence did not make out the charge of IDSI, counsel was ineffective for recommending Mr. Dunn to proceed with the plea." *Id.* at 27-28.

Dunn did not raise this claim in his PCRA petition. It is therefore waived. *See* Pa.R.A.P. 302(a). Even if this claim were preserved below, it is without merit. The crime of IDSI is defined as:

> **§ 3123. Involuntary deviate sexual intercourse**
>
> * * *
>
> **(b) Involuntary deviate sexual intercourse with a child.**--A person commits involuntary deviate sexual intercourse with a child, a felony of the first degree, when the person engages in deviate sexual intercourse with a complainant who is less than 13 years of age.

18 Pa.C.S.A. § 3123(b). The Crimes Code defines "deviate sexual intercourse," in pertinent part, as follows: "Sexual intercourse per os or per anus between human beings...." 18 Pa.C.S.A. § 3101.

"[I]n order to sustain a conviction for [IDSI], the Commonwealth must establish the perpetrator engaged in acts of oral or anal intercourse, which involved penetration however slight." *Commonwealth v. L.N.*, 787 A.2d 1064, 1070 (Pa.Super. 2001). "[A] person can penetrate by use of the mouth or the tongue." *Id.*

At the plea hearing, the Commonwealth proffered sufficient evidence to sustain a finding of penetration:

> [THE COMMONWEALTH]: Your Honor, if this went to trial, through the witness's evidence would show that on or about March 12 and 13 of 2016, inside a residence . . . in the city and county of Philadelphia, [Dunn] sexual assaulted the complainant . . ..
>
> [The victim] would testify that when she was 11 years old . . . the defendant, Billy Dunn, came into her room, leaned over, and kissed her on her lips, then he took off a blanket, pulled down her underwear, and licked her in what she called her "private part," her vagina, Your Honor. He did so with his tongue and then before he left he told her not to tell anyone.

N.T. Plea Hearing, 1/23/19, at 10-11.

Counsel testified that he told Dunn the plea offer was "very reasonable" compared to the risk of conviction. The PCRA court believed this testimony. That advice was not unreasonable in view of the evidence. The Commonwealth's proffer at the plea hearing was sufficient to conclude that the oral contact between Dunn's tongue with the victim's vagina met the penetration requirement. Dunn's claim of ineffectiveness of plea counsel fails.

*See Commonwealth v. Spotz*, 896 A.2d 1191, 1210 (Pa. 2006) (stating "[c]ounsel will not be deemed ineffective for failing to raise a meritless claim").

Lastly, Dunn maintains that PCRA counsel was ineffective for failing to raise the issue of plea counsel's ineffectiveness for not alleging lack of evidence of penetration. Dunn's Br. at 29. Dunn failed to raise this issue in his Pa.R.A.P. 1925(b) statement. Therefore, it is waived. *See* Pa.R.A.P. 1925(b)(4)(vii). In any event, it lacks merit. As previously explained, Dunn's claim of plea counsel's ineffectiveness is premised on a meritless underlying claim. PCRA counsel cannot be deemed ineffective for failing to pursue a meritless claim. *Spotz*, 896 A.2d at 1210.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2022